UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROMELL BROOM,** | : | Case No. 1:10 CV 2058 |
| | : | |
| Petitioner, | : | |
| | : | **JUDGE O'MALLEY** |
| vs. | : | |
| | : | |
| **DAVID BOBBY, Warden,** | : | |
| | : | **ORDER** |
| Respondent. | | |

Before the Court is Petitioner, Romell Broom's ("Broom"), Motion to Proceed *In Forma Pauperis*, (ECF No. 2), and Motion to Stay and Hold Proceedings in Abeyance Pending Exhaustion. (ECF No. 3.) Broom asks the Court to stay its ruling on his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 so that he can exhaust his Eighth Amendment claim in state court. Respondent David Bobby, ("Respondent") filed no opposition to either Motion. For the following reasons, the Court **GRANTS** both Motions.

## I. Relevant Procedural History

Broom was convicted and sentenced to death for the rape and murder of Tryna Middleton on October 10, 1985. After the conclusion of his state court appeals, Broom filed a petition for a writ of habeas corpus with this Court, which denied the writ on August 22, 2002. (Case No. 1:99 CV 0030, ECF No. 117.) The Sixth Circuit Court of Appeals affirmed this Court's ruling. *See Broom v. Mitchell*, 441 F.3d 392 (6th Cir. 2006). Thereafter, the Ohio Supreme Court set an

execution date for September 15, 2009.

On September 10, 2009, Broom filed a Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure. (Case No. 1:99 CV 0030, at ECF No. 133.) The Court denied the Motion on September 14, 2009. (*Id.* at 141.) The Sixth Circuit thereafter affirmed this Court's ruling. (*Id.* at 143.)

Although the State's legal impediments to Broom's execution concluded with the Sixth Circuit's affirmance, medical impediments prevented the execution. On September 15, 2009, the execution team spent approximately two-and-a-half hours attempting to find a sufficient vein for the lethal injection. (ECF No. 3, at 8.) At the conclusion of this period, Governor Ted Strickland issued a Warrant of Reprieve, halting the execution.

On September 18, 2009, Broom filed an original habeas action in the Ohio Supreme Court. Simultaneously, Broom sought federal relief in the District Court for the Southern District of Ohio pursuant to 42 U.S.C. § 1983. In both actions Broom alleged that any second attempt to execute him would violate his Eighth Amendment right against cruel and unusual punishment and his right against double jeopardy ("no multiple attempt claim"). The State opposed Broom's state actions, asserting that he already was seeking redress in federal court. Broom thereafter voluntarily dismissed the state habeas action without prejudice.

The district court severed Broom's no multiple attempt claim from the remaining claims in Broom's petition and dismissed it without prejudice on August 27, 2010. (ECF No. 3, at 2.) The district court reasoned that, based on the relief Broom sought, his claim was not properly brought under § 1983, but must be raised in a federal habeas corpus proceeding.

On September 14, 2010, Broom re-filed his state habeas action in the Ohio Supreme

Court, raising the no multiple attempt claim. The following day, Broom filed a petition for post-conviction relief and a motion for declaratory judgment in the state trial court. Both actions are pending in the Ohio courts.

At the same time, Broom filed a petition for a writ of habeas corpus and a motion to proceed *in forma pauperis* with this Court. (ECF Nos. 1, 2.) Broom then filed the instant Motion to Stay.[1] He asks the Court to stay the case and hold it in abeyance to exhaust while he exhausts the claims raised in his federal habeas petition.

## II. Applicable Law

Although a habeas petitioner's failure to exhaust a claim does not deprive a district court of jurisdiction, a claim must be exhausted for the district court to address it on the merits. *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009). Moreover, a federal court may not grant a writ if the petition contains both exhausted and unexhausted claims. Thus, "each claim must be reviewed for exhaustion before any claim may be reviewed on the merits." *Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009). Because Broom has not yet exhausted the claims he raised in the petition, this Court must either stay this matter or dismiss the petition. If it chose the latter course, Broom could run afoul of the one-year statute of limitations period for raising his habeas claims in federal court. *See* 28 U.S.C. § 2244(d)(1). Consequently, Broom proposes the Court exercise its authority to stay this matter pending exhaustion in state court.

Inherent in a federal court's ability to hear a case is its ability to stay a case and hold it in abeyance. *Int'l Bhd. Of Elec. Workers v. AT & T Network Sys.*, 879 F.2d 864 (Table), 1989 WL

---

[1] The Clerk's Office originally assigned this case to another judge on this Court. Because this Court had heard Broom's original habeas action, however, the Clerk's Office reassigned this matter. (ECF No. 4.)

78212, at *8 (6th Cir. July 17, 1989) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). Before granting a party's motion to stay a case and hold it in abeyance, however, a court must evaluate three facts: (1) the hardship the movant will endure if the case goes forward; (2) the injury to the opposing party; and (3) the public's interest, "including the judiciary's interest in efficiency, economy, and fairness." *Hill v. Mitchell*, 30 F.Supp.2d 997, 1000 (S.D. Ohio 1998) (citing *Landis*, *supra*; *Lynch v. Johns-Mansville Corp.*, 710 F.2d 1194 (6th Cir. 1983); *Bedel v. Thompson*, 103 F.R.D. 78 (S.D. Ohio 1984)).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court provided guidance to habeas courts regarding when it is appropriate to stay a case pending a petitioner's return to state court. The *Rhines* Court cautioned that stay and abeyance, if utilized too often, would frustrate the Anti-Terrorism and Effective Death Penalty Act's, "twin purposes" of reducing delay and encouraging petitioners to exhaust claims fully in state court prior to filing a federal habeas petition. *Id.* at 276-77. Accordingly, the Court held that habeas courts should grant a petitioner's motion to stay the federal habeas case for exhaustion only if that court determines "there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Additionally, a district court should grant a stay only if it appears that there is some merit to the petitioner's unexhausted claims. *Id.*

To avoid a habeas petitioner's use of a stay as a delay tactic, the *Rhines* Court advised that district courts place "reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278 (citation omitted); *see also Woodson v. Smith*, Case No. 5:08 CV 2779, 2010 WL 3781579, at *2 (N. D. Ohio Sept. 23, 2010) (Pearson, J.) ("A mixed petition should not be stayed indefinitely, but instead the court should explicitly condition the stay on the prisoner's pursuit of

state court remedies with a brief interval in the federal proceedings.").

The Supreme Court also instructed federal courts on how to preserve a petitioner's habeas claims during the one-year limitations period in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). There, the Court suggested that a habeas petitioner could file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Id.* at 416 (citing *Rhines*).

### III. Legal Analysis

#### A. Motion to Stay and Hold Proceedings in Abeyance Pending Exhaustion

To grant Broom the relief he seeks, the Court must apply the *Rhines* test. Broom therefore must demonstrate both that there is good cause for his failure to exhaust his claims in state court and that his claims are not plainly meritless.

#### 1. Broom Has Good Cause for Failing to Exhaust his Claims

As described above, Broom pursued his no multiple attempt claims expeditiously. He initially filed a habeas action with the Ohio Supreme Court three days after the State's failed execution attempt. While Broom voluntarily dismissed this action to pursue § 1983 relief in federal court, he re-filed the state habeas action and filed for post-conviction relief and a declaratory judgment in state court less than three weeks after the district court severed and dismissed Broom's no multiple attempt claim. In fact, the only reason Broom did not exhaust these claims in state court prior to filing the instant action was so that he could preserve his federal habeas claims as the *Pace* Court advised. The Court finds that Broom has demonstrated good cause for failing to exhaust his claims in state court.

#### 2. Broom's Habeas Claims Are Not "Plainly Meritless"

Broom's position is a unique one. Never before has the State attempted, yet failed, to execute an inmate. Moreover, the execution team struggled for over two hours, making multiple unsuccessful attempts to find a suitable vein for injection. Broom now alleges that the execution team did not follow its own protocol, causing him additional pain and suffering.

Because these circumstances have not occurred in Ohio previously, it is not possible for this Court to assess the merits of Broom's claims as there is no authority from which the Court can draw guidance. There also is no clear cut federal jurisprudence on this issue. The Supreme Court held in *Louisiana v. Resweber*, 329 U.S. 459 (1947), that the Fifth and Eighth Amendments do not preclude a state from a second attempt at an execution. As the district court observed in Broom's § 1983 action, however, "*Resweber* is a plurality decision in which there were not five justices who found that a second execution attempt did not offend the Eighth Amendment." *Broom v. Strickland*, No. 2:09 CV 823, 2010 WL 3447741, at *2 (S.D. Ohio Aug. 27, 2010). The *Resweber* holding therefore has limited precedential value.

Broom's unique circumstances and the lack of jurisprudential direction on how to adjudicate a no multiple attempt claim are issues of (nearly) first impression in the Ohio and federal courts. Accordingly, the Court cannot find that Broom's claims are "plainly meritless."

### 3. Conditions of Stay

As the *Rhines* Court advised, a district court should condition any stay on the petitioner's prompt egress to and ingress from state court. To ensure that no unnecessary delays occur, the Court grants a stay on the condition that Broom seek reinstatement to this Court's active docket within thirty (30) days of fully exhausting his state court remedies.

### B. Motion to Proceed *In Forma Pauperis*

Broom also asks the Court for permission to proceed *in forma pauperis* based on his financial status.  Based on Broom's circumstances as alleged in the Motion and attached affidavit, Broom's request is **GRANTED**.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Motion to Stay and Hold Proceedings in Abeyance Pending Exhaustion.[2]  (ECF No. 3.)  The Court conditions the stay on Broom's seeking reinstatement to this Court's active docket within thirty (30) days of fully exhausting his state court remedies.

The Court **GRANTS** Broom's Motion to Proceed *In Forma Pauperis*.  (ECF No. 2.)

**IT IS SO ORDERED**

        s/ Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  November 18, 2010**

---

[2] The Court stays all proceedings in this matter except Broom's pending Motion for Appointment of New Counsel.  (ECF No. 147.)