UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROMELL BROOM, | ) | CASE NO. 1:10 CV 2058 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| DAVID BOBBY, Warden, | ) | **MEMORANDUM OF** |
| | ) | **OPINION & ORDER** |
| Respondent. | ) | |

Before the Court is Habeas Petitioner Romell Broom's Motion for Discovery and/or to

Expand the Record and Motion for Funding for Expert Assistance. (Doc. Nos. 22 and 25,

respectively.) Respondent Warden David Bobby opposes the Motion for Discovery and/or to

Expand the Record. (Doc. No. 26.) Broom has replied to Respondent's brief in opposition.

(Doc. 27.) For the following reasons, the Court denies Broom's motions.

### RELEVANT PROCEDURAL HISTORY

Broom was convicted and sentenced to death in an Ohio state court for the rape and

murder of Tryna Middleton in October 1985. After the conclusion of state-court appellate and

post-conviction review, Broom filed a Petition for a Writ of Habeas Corpus in this Court, which

another judge on this Court denied on August 22, 2002. (Case No. 1:99 CV 0030, Doc. No.

117.) The Sixth Circuit Court of Appeals affirmed this Court's ruling. *Broom v. Mitchell*, 441

F.3d 392 (6th Cir. 2006).  The Ohio Supreme Court then set Broom's execution date for September 15, 2009.

The execution, however, was not carried out.  Despite repeated attempts over two hours, the execution team could not access a vein to deliver the lethal injection.  *See State v. Broom*, 146 Ohio St. 3d 60, 61-63 (Ohio 2016).  Ultimately, the Governor granted a reprieve.  *Id*. at 63.

Broom immediately filed an action under 42 U.S.C. § 1983 in the United States District Court for the Southern District of Ohio to prevent the State from attempting to execute Broom again.  *Broom v. Strickland*, 2010 WL 3447741 (S.D. Ohio Aug. 27, 2010).  He argued, among other things, that a second attempt to execute him would violate the Eighth Amendment's prohibition on cruel and unusual punishment and the Fifth Amendment right against double jeopardy.  *Id*. at *1. The court severed and dismissed these "no-further-attempts" claims without prejudice on procedural grounds, but retained jurisdiction of other claims related to Ohio's lethal injection execution protocol.  *Id*. at *2-4.  On the same day that he filed his Section 1983 Complaint, Broom filed an action for a Writ of Habeas Corpus in the Ohio Supreme Court, which he later voluntarily dismissed.  *In re Broom*, 123 Ohio St. 3d 1485 (Ohio 2009).

On September 14, 2010, Broom filed the Second-in-Time Petition for Writ of Habeas now pending in this Court, asserting any future attempt to execute him would violate his Eighth Amendment protection against cruel and unusual punishment, his Fifth Amendment protection against double jeopardy, and his Fourteenth Amendment right to substantive due process.  (Doc. No. 1.)  Broom also filed on that day a second state-court habeas action, which the Ohio Supreme Court later dismissed.  *In re Broom*, 127 Ohio St. 3d 1450 (Ohio 2010).  The next day, on September 15, 2010, Broom filed a successive Petition for Post-Conviction Relief in the state

trial court, asserting, among other things, his federal constitutional no-further-attempts claims. (Doc. No. 19-10 at 2-35.) And on September 17, 2010, Broom filed a Motion to Stay this case pending exhaustion of those claims in state court, which the Court granted. (Doc. Nos. 3, 7.)

On April 7, 2011, the state trial court denied Broom's post-conviction petition without conducting an evidentiary hearing. (Doc. No. 19-10 at 378-82.) It held that a second execution attempt would not violate the Fifth or Eighth Amendments, concluding that Broom's experience of repeated needle sticks, while "unpleasant," did not constitute "torture." (Doc. No. 19-10 at 381.) The state court of appeals affirmed on different grounds. *State v. Broom*, 2012 WL 504504 (Ohio Ct. App. Feb. 16, 2012). The Ohio Supreme Court affirmed the state appellate court's judgment on June 9, 2015, finding no constitutional violations. *Broom*, 146 Ohio St. 3d 60, paragraphs 1, 4, 5 of the syllabus.

Broom has now returned to this Court. He has filed an Amended Petition for Writ of Habeas Corpus, reasserting his original claims and adding a procedural due process claim. (Doc. No. 18.) He further seeks to conduct discovery relating to his first (Eighth Amendment) and third (due process) claims and/or expand the record. (Doc. No. 22.) Specifically, Broom requests information regarding Ohio's execution practices and protocols in all executions conducted after his attempted execution in 2009 until the present through: (1) depositions of the Department of Rehabilitation and Correction ("DRC") Director Gary Mohr, Southern Ohio Correctional Facility ("SOCF") Warden Ron Erdos and six "team members," identified by numbers, responsible for carrying out executions; and (2) documents, records, and transcripts contained in the court record of two civil rights cases filed under 42 U.S.C. § 1983 in the District Court for the Southern District of Ohio by more than one hundred death row inmates, including

Broom, challenging Ohio's execution procedures and protocols (namely, *Cooey v. Kasich*, Case

No. 2:04 CV 1156, and *In re Execution Protocol Litigation*, Case No. 2:11 CV 1016 ("Ohio

Lethal Injection Cases")).[1]  (*Id*. at 14-22.)  In addition, or in the alternative, he asks for the record

to be expanded to include the records from the Ohio Lethal Injection Cases.  (*Id*. at 22-23.)

Broom also has filed under seal a motion requesting funding for the assistance of certain experts.

(Doc. No. 25.)  Respondent opposes Broom's request for discovery.  (Doc. No. 26.)  Broom has

replied to Respondent's brief in opposition.  (Doc. No. 27.)

## ANALYSIS

### A.  Discovery in Federal Habeas Proceedings

#### 1.  Habeas Rule 6:  Good Cause Requirement

A federal habeas petitioner, "unlike the usual civil litigant, is not entitled to discovery as

a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Discovery in habeas

cases is governed by Rule 6 of the Rules Governing § 2254 Cases in the United States District

Courts, which permits petitioners to initiate discovery available under the federal civil rules "if,

---

[1] The Southern District Court consolidated Broom's § 1983 lethal-injection action, along with *Cooey v. Kasich* and other § 1983 lethal-injection litigation, into one case entitled *In re Ohio Execution Protocol Litigation* ("*IOEPL*") in 2011.  On January 26, 2017, the district court granted in part a motion for preliminary injunction that three Ohio inmates had filed in *IOEPL* and stayed their executions.  *IOEPL*, 2017 WL 489738 (S.D. Ohio Jan. 26, 2017) (Merz, M.J., having plenary magistrate judge jurisdiction by consent of all parties).  The State of Ohio appealed, and on April 6, 2017, the Sixth Circuit affirmed.  *IOEPL*, 853 F.3d 822 (6th Cir. 2017). On April 25, 2017, the circuit court vacated that opinion and granted a rehearing en banc. *IOEPL*, 855 F.3d 702 (6th Cir. 2017).  On June 28, 2017, the court reversed the district court's grant of a preliminary injunction, concluding the inmates had not shown that Ohio's execution protocol at that time created a substantial risk of  serious pain or that they had presented a known and available alternative method of execution.  *IOEPL*, 860 F.3d 881, 887-91 (6th Cir. 2017). The United States Supreme Court denied the plaintiffs' petition for writ of certiorari in the case on July 25, 2017.  *Otte v. Morgan*, 137 S. Ct. 2238 (2017).  The lawsuit remains pending.

and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Habeas R. 6(a). "Good cause" for discovery under Rule 6 exists only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Bracy*, 520 U.S. at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

The burden is on the petitioner to demonstrate the materiality of the information requested. *See Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004). Habeas Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Id.* (internal quotation marks and citations omitted). Instead, the petitioner "must set forth specific allegations of fact." *Id.* (internal quotation marks and citations omitted).

## 2. *Cullen v. Pinholster*: Discovery on Claims Adjudicated on the Merits in State Court

In 2011, the United States Supreme Court further circumscribed discovery in federal habeas corpus proceedings in *Cullen v. Pinholster*, 563 U.S. 170 (2011). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") forbids federal courts from granting habeas relief based on claims adjudicated on the merits in state court unless the state-court decision was contrary to, or an unreasonable interpretation of, clearly established federal law, 28 U.S.C. § 2254(d)(1); or based on an unreasonable determination of the facts "in light of the evidence presented" in the state-court proceeding, 28 U.S.C. § 2254(d)(2). In *Pinholster,* the Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 181. Noting that § 2254(d)(1) review "focuses on what a state court knew and did," the Court reasoned that "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably

applied federal law to facts not before the state court." *Id*. at 182. The Court explained that

"'[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a

prisoner made insufficient effort to pursue in state proceedings.'" *Id*. at 186 (quoting *(Michael)*

*Williams v. Taylor*, 529 U.S. 420, 427-29 (2000)).[2]

Clearly then, *Pinholster* precludes "district courts . . . from conducting evidentiary

hearings to supplement existing state court records when a state court has issued a decision on

the merits with respect to the claim at issue." *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir.

2013); *see also Bourne v. Curtin*, 666 F.3d 411, 415 (6th Cir. 2012) (finding petitioner was

"stuck with 'the record that was before the state court'" and not entitled to an evidentiary hearing

under *Pinholster* because the state courts had adjudicated his claim on the merits). And the Sixth

Circuit Court of Appeals consistently has held that *Pinholster* bars consideration of new

evidence developed in federal habeas proceedings that relates to claims adjudicated on the merits

in state courts. *See, e.g., Loza v. Mitchell*, 766 466, 494 (6th Cir. 2014) ("Loza's selective

prosecution claim was adjudicated on the merits in state court, and, therefore, *Pinholster* requires

us to consider only the evidence that was before the state court when reviewing Loza's claim.");

*Moore v. Mitchell*, 708 F.3d 760, 780-84 (6h Cir. 2013) (holding federal habeas court may not

consider additional evidence not presented to state courts even where parties jointly moved to

expand the record to include that evidence before *Pinholster* was decided); *Sheppard v. Bagley*,

657 F.3d 338, 344 (6th Cir. 2011) (refusing to consider evidence adduced at federal evidentiary

hearing in light of *Pinholster*).

_____

[2] Review under § 2254(d)(2) is limited to evidence presented in the state-court proceedings by its express terms. *See* 28 U.S.C. § 2254(d)(2).

*Pinholster* did not, however, address the availability of discovery in federal habeas proceedings. And neither the Supreme Court nor the Sixth Circuit Court of Appeals has directly addressed the issue since *Pinholster* was decided. *See, e.g., Davis v. Bobby*, 2017 WL 2544083, at *3 (S.D. Ohio June 13, 2017) ("As . . . numerous courts have recognized, neither the Supreme Court nor . .. [the] Sixth Circuit has provided explicit guidance on the interplay between *Pinholster* and the availability of discovery in habeas corpus proceedings.").

Without such guidance, district courts have varied in their approaches to discovery requests in habeas proceedings. In some cases, courts have permitted the discovery despite *Pinholster*'s restrictions. *See, e.g., Monroe v. Warden*, 2012 WL 4342890, at *10 (S.D. Ohio Sept. 21, 2012) ("While *Pinholster* does not permit this Court to consider extra-record evidence in deciding the § 2254(d)(1) question, it does not dictate the order in which that question must be considered in a habeas case. . . . Even if the Court does not yet know whether it will be able to consider the evidence generated by the depositions, prudence in the preservation of evidence suggests strongly that the evidence be taken now so that it is not lost forever."); *Conway v. Houk*, 2011 WL 2119373, at *3 (S.D. Ohio May 26, 2011) ("*Pinholster* did not . . . speak to the standards governing discovery set forth in Rule 6" and "[t]hat is reason enough to refrain from invoking *Pinholster*'s restrictions at the discovery phase."); *Davis*, 2017 WL 2544083, at *4 (collecting cases outside the Sixth Circuit in which discovery was permitted over *Pinholster*-based objections).

But the trend appears to be moving in the other direction. More courts are applying *Pinholster* to discovery in habeas proceedings and denying petitioners' requests for discovery of evidence that *Pinholster* would bar from their review. *See, e.g., Runningeagle v. Ryan,* 686 F.3d

758, 773-74 (9th Cir. 2012) (holding that "[r]egardless of whether Runningeagle acted diligently, however, or of whether he was entitled to a hearing in state court, he is not entitled to an evidentiary hearing or additional discovery in federal court" under *Pinholster*); *Davis*, 2017 WL 2544083, at *4 (collecting cases). As one district court in this circuit has explained, "It would defy logic to preclude a petitioner from developing factual information in an evidentiary hearing [under *Pinholster*], but allow her to introduce the same factual information via discovery and expansion of the record." *Caudill v. Conover*, 871 F. Supp. 2d 639, 646 (E.D. Ky. 2012). *See also Davis*, 2017 WL 2544083, at *3 ("*Pinholster*'s holding necessarily informs any determination as to whether discovery is warranted. . . . Put simply, unusable evidence cannot lead to relief."); *Blevins v. Warden, Ross Corr. Inst.*, 2011 WL 6141062, at *4 (S.D. Ohio Dec. 9, 2011) ("*Pinholster* is not irrelevant to discovery in federal habeas. . . . There cannot be good cause to collect evidence which cannot be presented."). Many of these courts also recognize that denying a habeas petitioner's request for discovery of evidence that may be unreviewable promotes judicial economy and the timely resolution of the case. *See, e.g.*, *Davis*, 2017 WL 2544083, at *3 ("[I]t has become increasingly clear that judicial economy demands that *Pinholster* be considered in determining whether good cause exists for conducting discovery."); *Caudill*, 871 F. Supp. 2d at 649-50 (permitting discovery before determining if the evidence it uncovers can be considered "creates a substantial risk of wasting resources and delaying resolution of this matter").

Still other habeas courts have deferred when confronted with *Pinholster*-challenged discovery requests, denying the motions without prejudice until further review of the claims at issue demonstrates good cause for the requests. *See, e.g., Moritz v. Woods*, 2014 WL 2115500, at

*1 (E.D. Mich. May 21, 2014) ("Until this Court reviews these [supplemental] pleadings, particularly respondent's answer, 'it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow.'") (citation omitted); *Caudill*, 871 F. Supp. 2d at 649 ("Because any new evidence might never even be considered by the Court, it seems advisable to delay ruling on the motions [for discovery, evidentiary hearing, and appointment of an expert witness] until the petition is reviewed on the merits."); *Davis*, 2017 WL 2544083, at *6 (same); *Lang v. Bobby*, 2014 WL 5393574, at *4-6 (N.D. Ohio Oct. 23, 2014) (same). These courts recognize that, upon further review of the petition, they may determine that *Pinholster* would not preclude review of the evidence sought through the requested discovery. For example, *Pinholster*'s restrictions would not apply to evidence supporting claims found not to have been adjudicated on the merits by state courts. *Pinholster*, 563 U.S. at 181; *see also Cunningham v. Hudson*, 756 F.3d 477, 487 n.4 (6th Cir. 2014). Federal habeas courts also may consider new evidence when deciding whether there is cause and prejudice or actual innocence to excuse a procedurally defaulted claim. *House v. Bell*, 547 U.S. 518, 537-38 (2006); *see also Cunningham*, 756 F.3d at 487 n.4. And *Pinholster* would not bar consideration of new evidence where the district court already has determined that the state court's adjudication of the claim it supports violated § 2254(d)(1). As Justice Breyer explained,

> An offender who believes he is entitled to habeas relief must first present a claim (including his evidence) to the state courts. If the state courts reject the claim, then a federal habeas court may review that rejection on the basis of the materials considered by the state court. If the federal habeas court finds that the state-court decision fails (d)'s test (or if (d) does not apply), then an (e) hearing may be needed.

*Pinholster*, 131 S. Ct. at 1412 (Breyer, J., concurring in part, dissenting in part). *See also Harris v. Haeberlin*, 752 F.3d 1054, 1057-58 (6th Cir. 2014) (holding that *Pinholster* would not

foreclose an evidentiary hearing in a habeas case, because it already had found the state court's determination of the petitioner's juror-bias claim violated § 2254(d)(1)); *Williams v. Houk*, 2012 WL 6607008, at *5-6 (N.D. Ohio Dec. 18, 2012) (denying discovery motion "subject to resurrection in the event that this Court determines at a future point in this litigation that the state court decisions regarding the claims at issue in Williams' discovery motion" satisfy § 2254(d)(1) or (d)(2)).

This Court agrees with the majority position that *Pinholster* applies to factual development through discovery in federal habeas proceedings, and precludes petitioners from conducting discovery on claims that were adjudicated on the merits in state courts as district courts are limited in their review under § 2254(d)(1) to the record that was before those courts.

**B.** **"Adjudication on the Merits" and State Court Denial of Factual Development**

Respondent argues that the Ohio Supreme Court adjudicated the claims for which Broom seeks discovery on the merits, and *Pinholster* therefore prevents him from developing new facts to support those claims. (Doc. No. 26 at 6-9.) Broom contends *Pinholster*'s restrictions do not apply here, because the Ohio Supreme Court did not adjudicate his post-conviction no-further-attempts claims on the merits. (*See, e.g.,* Doc. No. 27 at 2.) Instead, he contends, "the state courts to which Broom presented these constitutional claims denied him due process in multiple respects, failed to allow meaningful factual development, failed to utilize reliable means of finding facts, and made their determinations on an incomplete record." (Doc. No. 22 at 13-14.)

Broom argues the "most significant of [the] several deficiencies" in the Ohio Supreme Court's consideration of his federal constitutional claims occurred when the state court relied on extra-record evidence in addressing the issue under his Eighth Amendment claim of whether the

State was likely to violate its execution protocol and cause severe pain in carrying out a second attempt at Broom's execution. (*Id*. at 14.) The court stated:

> While we acknowledge that the state failed to follow the protocol in 2009 [during Broom's attempted execution], we cannot ignore what has transpired since then. The state has executed 21 death-row inmates since the attempted execution of Broom. *See* Ohio Department of Rehabilitation and Correction, *Ohio Executions – 1999 to Present*, http://www.drc.ohio.gov/web/executed/executed25.htm.

*Broom*, 146 Ohio St. 3d at 73. According to Broom, information about whether and to what extent the State of Ohio complied with its execution protocols in conducting the twenty-one executions that took place after Broom's attempted execution was not contained in the state-court record (nor, the Court notes, can it be found on the website page the court cited). (Doc. No. 22 at 10-14.) This finding also was "critically incomplete," Broom asserts, due to "critical events" that occurred in October 2016, several months after the court issued its decision, when Ohio again changed its execution protocol. (*Id*. at 11-13.) Indeed, a dissent to the Ohio Supreme Court's decision noted the majority was "seeking evidence outside the record to prove that the state has cured the problems in its execution procedures and seizing on an execution protocol that is no longer in effect." *Broom*, 146 Ohio St. 3d at 74-75 (French, J., dissenting).

Broom cites as legal authority for his argument the Fourth Circuit decision in *Gordon v. Braxton*, 780 F.3d 196 (4th 2015). (Doc. No. 22 at 14.) In that case, the court relied on two earlier decisions, *Winston v. Kelly (Winston I)*, 592 F.3d 535 (4th Cir. 2010), and *Winston v. Pearson (Winston II)*, 683 F.3d 489 (4th Cir. 2012), in which it held that a claim is not "adjudicated on the merits" for purposes of AEDPA deference when the state court makes its decision on a "materially incomplete record," which may occur when a state court unreasonably refuses to permit further development of the facts of a claim. *Gordon*, 780 F.3d at 202. The

court held in *Gordon* that the state court did not adjudicate the petitioner's claim on the merits because it: (1) "unreasonably truncated further factual development" on a claim and (2) was silent regarding the petitioner's assertion regarding that claim. *Id*.

As Respondent argues, however, *Gordon* does not apply here. (*See* Doc. No. 26 at 9-10.) First, the Supreme Court has never held that a state court must permit factual development of federal constitutional claims in order for its decisions on those claims to be accorded AEDPA deference. Indeed, in *Harrington v. Richter*, 562 U.S. 86 (2011), the Supreme Court held that, for purposes of AEDPA's deferential review, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 99.

Broom argues there are "state-law procedural principles to the contrary" that rebut *Harrington*'s presumption that the Ohio Supreme Court adjudicated his Eighth Amendment claim on the merits. (Doc. No. 27 at 2.) He contends Ohio law "bar[s] any appellate decision based on evidence outside the record," citing *Morgan v. Eads*, 104 Ohio St. 3d 142 (Ohio 2004), *Barnett v. Ohio Adult Parole Authority*, 81 Ohio St. 3d 385, 387 (Ohio 1998), *State v. Ishmail*, 54 Ohio St. 2d 402, para. 1 of the syllabus (Ohio 1978), and *Konigsberg v. The Lamports Co*., 116 Ohio St. 640, 641-42 (Ohio 1927). (Doc. No. 27 at 2.) This argument is unpersuasive. It may be reversible error for an Ohio "reviewing court . . . [to] add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.'" *Morgan*, 104 Ohio St. 3d at 144 (quoting *Ishmail*, 54 Ohio St. 2d at paragraph 1 of the syllabus). But Broom cites no authority for the proposition that violating this "bedrock principle

of appellate practice" in Ohio, *id.*, is anything more than a ground for reversal, and can render an appellate court's review something other than a merits review.

Moreover, the Sixth Circuit has explicitly rejected the Fourth Circuit's holding in *Winston II, supra*, that when a state court has failed to afford a habeas petitioner an opportunity to develop the record its decision does not warrant deference under AEDPA. After discussing *Winston II* in *Bollinger v. Prelesnik*, 709 F.3d 558 (6th Cir. 2013), the court noted, "While allowing a petitioner to supplement an otherwise sparse trial court record may be appealing, especially where he diligently sought to do so in state court, the plain language of *Pinholster* and *Harrington* precludes it." *Id.* at 562. It explained:

> In [the pre-*Harrington* decision in] *Brown* [*v. Smith*, 551 F.3d 424 (6th Cir. 2008)], we concluded that the state court had not issued a decision on the merits because highly relevant documents were absent from the trial court record. *Id.* at 428-29. To the extent that *Brown* is inconsistent with *Harrington*'s definition of "on the merits," however, it is no longer the law. . . . It is now clear that a state-court adjudication, even when unaccompanied by an explanation, is presumed to be on the merits and is to be reviewed through the deferential lens of § 2254(d).

*Id.* at 561-62 (citations omitted). *Accord Garuti v. Roden*, 733 F.3d 18, 23 (1st Cir. 2013) ("Garuti urges us to follow cases similar to *Winston v. Kelly* . . . [but] [t]his court held that those cases on which Garuti relies were essentially overruled by *Pinholster*.").

Accordingly, the Court finds that the Ohio Supreme Court's decision rejecting Broom's federal claims was an adjudication on the merits and *Pinholster*, therefore, precludes Broom from conducting factual development of his claims at this time. If the Court later determines, however, that the claims for which Broom seeks discovery were not adjudicated on the merits but are properly preserved for federal habeas review, or the state-court decisions regarding the claims at issue satisfy AEDPA's § 2254(d)(1) or (d)(2), then *Pinholster*'s restrictions will no longer

apply and the Court can reconsider Broom's motions for discovery and/or to expand the record, and for expert assistance.

### C. Good Cause Requirement: Scope of Discovery

The Court further notes that Broom has failed to show good cause for the discovery he seeks due to the extremely broad scope of his requests. Broom seeks to develop the record regarding the many executions Ohio has conducted since its failed attempt to execute him and the complex issues presented by Ohio's many modifications of its execution protocols. He wants to conduct eight depositions and obtain numerous transcripts of hearings, deposition transcripts and copies of execution protocols from the Ohio Lethal Injection Cases. While the issues of Ohio's current execution protocols and the State's history of its compliance with prior execution protocols are not irrelevant to Broom's Eighth Amendment and due process claims, the Court finds Broom's discovery requests are extensive enough that they "create a substantial risk of wasting resources and delaying resolution of this matter," especially given that, at least at this stage of Broom's habeas proceedings, *Pinholster* would bar review of any evidence produced. *Caudill*, 871 F. Supp. 2d at 649-50. Broom's motions also are denied, therefore, in the interest of judicial economy.

### CONCLUSION

For the foregoing reasons, the Court denies Broom's Motion for Discovery and/or to Expand the Record (Doc. No. 22) and Motion for Funding for Expert Assistance (Doc. No. 25) *without prejudice,* subject to reconsideration or renewal if the Court determines, upon further review of the pleadings, that the claims for which Broom seeks discovery were not adjudicated on the merits but are properly preserved for federal habeas review, or the state-court decisions

regarding the claims at issue satisfy AEDPA's § 2254(d)(1) or (d)(2), or any other reason

consideration of new evidence would be deemed appropriate.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED:  April 4, 2018